O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JOAQUIN LOPEZ, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPT., et al., <br><br> Defendants. | Case No. 2:19-cv-02302-AB-KES <br><br> ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

**I.**

**BACKGROUND**

In March 2019, Jose Joaquin Lopez ("Plaintiff"), an inmate in the custody of California, filed a civil rights complaint under 42 U.S.C. § 1983 against the Los Angeles County Sheriff's Department and St. Francis Medical Center. (Dkt. 1.) The Court screened the complaint sua sponte in compliance with the Prison Litigation Reform Act and, on June 25, 2019, dismissed it for failure to state a claim. (Dkt. 10.) The Court gave Plaintiff until July 25, 2019 to file a First Amended Complaint. (Id. at 5.)

1

Plaintiff requested, and the Court granted, two extensions of this deadline, ultimately extending it to December 27, 2019. (Dkt. 11, 12, 13, 14.)

On January 15, 2020, having received no further filings from Plaintiff, the Court issued an order to show cause ("OSC") why this action should not be dismissed for lack of prosecution and/or failure to follow the Court's orders. (Dkt. 15.) The Court warned Plaintiff that a failure to respond to the OSC might result in dismissal. (Id. at 2.) As of the date of this order, Plaintiff has not responded to the OSC.

## II.
## DISCUSSION

### A. Legal Standard

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court must consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

**B.     Analysis**

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  Because this Court dismissed the complaint on screening, Defendants have not been served.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("[T]he government has not been ordered to respond to Pagtalunan's habeas petition. We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court granted Plaintiff two extensions of time to amend his complaint, gave him an opportunity to respond to the OSC, and warned him that failing to respond to the OSC might result in dismissal.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives'

requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—is the only factor that arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated because, as discussed in the order dismissing the complaint with leave to amend, Plaintiff has currently failed to state a claim. (See Dkt. 10 [finding that the complaint did not include: (a) any allegations that the sheriff's department had a custom, policy, or practice that led to the alleged violation of his constitutional rights; (b) any factual allegations indicating how the medical center allegedly violated his rights; or (c) any allegations demonstrating that the medical center was acting under color of law].)

Given that the enumerated factors largely support dismissal, it is recommended that this action be dismissed pursuant to Rule 41(b) and Local Rule 41-1. The Court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, the action should be dismissed in its entirety without prejudice.

//
//
//
//
//
//
//

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: 3/16/2020

_____
ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge